Messrs. E. Tilghman and Rawle, *pro quer.*

Messrs. Lewis and Todd, *pro def.*

---

*179] *Lessee of Daniel Doughty and Daniel Groves *against* Nathaniel Browne and Liberty Browne.

Lessee of Nathaniel Browne and Liberty Browne *against* Daniel Doughty and Daniel Groves.

" Touching all my worldly effects, both real and personal, I give as follows : " After directing the payment of his debts and funeral expences, and bequeathing a legacy of 10l. he devises to L. " all the rest of his estate, both real and personal, to " be at her own disposal, as she may think proper, all plate, monies, goods and chat- " tels," &c. These words pass a fee simple in the lands.

THESE causes came to trial at *Nisi Prius*, in Philadelphia, on

the 25th February last, when a juror was withdrawn, and the following case submitted to the court.

Samuel Browne being seised of the premises in question, died so seised, having made his last will in writing, dated 13th November 1797, whereby after directing the payment of his debts, and funeral expences, and bequeathing a legacy of 10l. to his nephew, he devised as follows : " Item, I give and bequeath to " my beloved wife Louisa, all the rest of my estate, both real and " personal, to be at her own disposal, immediately after my de- " cease, to be at her own free will to dispose of as she may think " proper, all plate, monies, goods and chattels, debts, dues and " demands whatsoever."

The following are the introductory words : " touching all my " wordly effects, wherewith it hath pleased the Lord to bless·me " with, both real and personal, I dispose thereof in the follow- " ing manner, to wit," &c.

Louisa Browne, the widow, by her will, dated 24th December 1802, appointed Doughty and Groves, the lessors of the plaintiff in the first action, and the defendants in the second action, executors, with power to sell, &c.

The question is, whether an estate in fee simple, or for life, passed by the will of Samuel Browne, to his wife Louisa, in the premises mentioned in the declarations in the above two actions. If the court shall be of opinion, that an estate in fee simple vested by the said will in Louisa Browne, a judgment is to be entered in favour of the plaintiff in the first suit, and for the defendants in the second ; and *vice versa.*

The court desired the counsel for the Brownes to begin.

Accordingly Messrs. Wells and Dickerson contended, that there were no express words in the will to vest the devisee with an estate in fee simple, nor did she take it by necessary implication. The clause under which Louisa took, was strangely inconsistent ; the first part of it includes both real and personal estate, but in the close of the sentence, it is narrowed down to " plate, monies, goods and chattels, debts, dues and demands." Under such ambiguous words, the heirs at law of Samuel Browne, *shall not be stripped of this prop- [*180 erty, nor shall the same go out of the family of the husband, without the clearest intention. This intention is to be collected from the whole of the will, so as to leave no doubt in the mind. Particular cases serve rather to obscure and confound, than to illuminate questions of this kind. 3 Burr. 1541.

The words " as to all my worldly estate," in the beginning of a will, unconnected with any particular devise, shew an intention to dispose of the whole estate, but will not carry an estate that is clearly omitted. 1 Dall. 226. Where a will began with " for those worldly goods and estates, wherewith it has " pleased God to bless me, I give and demise to A., her heirs " and assigns forever, all my lands at B., and I give and be-

"queath to A. aforesaid, all my lands at C." A. only takes an estate for life, in the lands at C., and the reversion descends, although the will contains a legacy of 1s. to the heir at law. Doug. 730, (759.) Whatever may have been former decisions, it is now clearly settled, that such introductory words are not of themselves sufficient to carry a fee. 8 T. R. 67. The rule of law is established and certain, that express words of limitation or words tantamount, are necessary to pass an estate of inheritance. Ib. 502. All his estate will pass every thing a man has ; but if the word all is coupled with the word personal, there the gift will pass only personalty. Cowp. 306. A strong instance of the inefficacy of introductory words to pass an estate in fee simple, is to be found in the same book, 657. Denn *v.* Gaskin. There must be express words or necessary implication, to vest in the devisee, an estate in fee simple. 3 Wills. 418. By a devise of "all my goods, leases, estates, mortgages," &c. an estate in fee does not pass. Cro. Car. 447, 449. The operation of the words "all my estate," is fully settled in Salk. 233. Countess of Bridgewater *v.* Duke of Bolton. But where estate is mentioned generally, accompanied with personal things, it shall be restrained to personal.\* Money will not pass by a devise of all goods and things of every kind, where the devisee has a money legacy at the outset of the will. 2 Atky. 113. The court will intend an intestacy, in favour of the heir at law, unless there is a clear intention to pass the real estate. Ib. 103.

The court stopped Mr. Milnor, who was prepared to answer the cases cited, and to cite his law authorities. They said it was impossible to doubt the intention of the testator, on the face of the will. He has used strong introductory words, which fully \*181] evince \*his intention of disposing of all his property. He has given all the rest of his estate, both real and personal, after payment of his debts and funeral expences, and a legacy of 10l. to his nephew, unto Louisa Browne his wife. The only difficulty on the will, seems to be, the discovery of any legal or rational grounds, why she should not take an estate in fee simple in the premises.

Judgment for Doughty and Groves in both suits.

The following cases were cited by Mr. Milnor on the trial. 2 Bac. 53, Divise, C. Murray *v.* Wise and wife. 2 Vern. 564. Prec. Cha. 264. 1 Eq. Ab. 177, pl. 15. Countess of Bridgwater *v.* Duke of Boulton, 1 Salk. 236. 6 Mod. 106. 1 Equ. Ab. 177, pl. 17. Carter *v.* Horner, 4 Mod. 89. 1 Show. 348. 1 Equ. Ab. 177, pl. 16. Reeves *v.* Winnington, 3 Mod. 45. 2 Show. 249. 2 Equ. Ab. 299. pl. 4. Ibbetson *v.* Beckwith, Talb. Cas. 157, 160. 2 Equ. Ab. 302, pl. 23. Tanner *v.* Morse, Talb. Cas. 284. 3 Wms. 295. Scott *v.* Alberry, Com. 337, 340. 2 Equ. Ab. 301,

---

\* The book adds, "but never, where real estate is mentioned ; for then the personal things mentioned, shall be considered only an enumeration of those specific things."

[Respublica *v.* Commissioners of Philadelphia County.]

pl. 19. Wilson *v.* Robinson, 1 Mod. 100. Barry *v.* Edgworth, 1 Equ. Ab. 178, pl. 18. 2 Wms. 523. Ridout *v.* Pain, 3 Atky. 486, 493. 1 Vez. 10. Bailis *v.* Gale, 2 Vez. 48, 49, 51. Hurst *v.* Earl of Winchelsea, 2 Burr. 879. 1 Bla. Rep. 187. Holdfast *ex dem.* Cowper *v.* Marten, *et al.* 1 Term Rep. 411. Fletcher *v.* Smiton, 2 Term Rep. 656, 660. Loveacres *ex dem.* Mudge *v.* Blight and wife, Cowp. 352, 353. Grayson *v.* Alkinson, 1 Wils. 333. 1 Bac. Supp. 364. *Doe ex dem.* Burkit and wife, *et al. v.* Chapman, 1 H. Bla. 223. Smith *et al.* assignees *v.* Coffin, and wife, 2 H. Bla. 444. Anonymous, 3 Dal. 477. Tuffnell *v.* Page, 2 Atky. 37, 38. Macaree *v.* Tall, Ambl. 181. Styles *ex dem.* Raymênt and wife *v.* Walford, 2 Bla. Rep. 938. Thellusson *v.* Woodford, 4 Ves. jr. 311.

Cited in 19 Pa. 90.